# Potter *v.* Moscony, Appellant (No. 1.)

*Landlord and tenant—Abandonment of premises—Eviction—Affidavit of defense.*

In an action to recover for rent for the second floor of a building for a dance hall, the first floor of which is used for a moving picture show, an affidavit of defense is insufficient which avers that the city authorities had served a notice on the plaintiff that the demised premises were being used in an illegal way, that the plaintiff paid no attention to such notice; that legal proceedings were begun by the city against the plaintiff, but without any averment that they resulted in a judgment; that notice of these proceedings was given to defendant with a warning by a building inspector to vacate the premises, but without any averment of authority in the inspector to enforce his warning, and without any averment of notice of such warning to the plaintiff; and that by reason of such matters the defendant abandoned the premises.

Argued Dec. 16, 1910. Appeal, No. 284, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., June Term, 1909, No. 2,140, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Ed-

ward W. Potter v. John P. Moscony.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for rent.

The defendant filed an affidavit of defense which was as follows:

Your deponent avers that he rented the premises in question, being the second floor of 5039 Baltimore avenue, as a dance hall from the first day of September, 1908, at a yearly rental of $1,200, to be paid in equal monthly payments of $100 in advance on the first day of each month, and that from and after the first day of September, 1908, he did pay the said rent as in said lease provided up to and including the first day of March, 1909, which said rent being in advance, paid said rent until March 31, 1909.

That on or about March 18, 1909, the bureau of building inspection of the city of Philadelphia served a notice on said plaintiff that there existed a violation of the Act of assembly approved May 5, 1899, P. L. 193, and the acts amendatory thereof and supplementary thereto and the laws and ordinances relating to buildings in the city of Philadelphia, on the building No. 5039 Baltimore avenue, said violation being, "illegal use of second story dance hall over moving picture parlor," and said bureau required the said plaintiff to remove said violation forthwith or that legal proceedings would be commenced against said plaintiff, the requirement being "the illegal use of second floor to be abandoned."

That said plaintiff refused or neglected to comply with the requirements of said bureau of building inspection and subsequently to said March 18, 1909, legal proceedings were begun on behalf of the city of Philadelphia against said plaintiff.

That notice of said requirements and of said proceedings was given to your deponent, the defendant, by Charles P. Hart, one of the building inspectors of the city of Philadelphia, and that the said Charles P. Hart, as said building

inspector, notified the defendant to vacate and abandon said portion of premises, being the portion leased by said defendant. Notice that a summons had been issued by magistrate McCleary against the said plaintiff for violation of the acts of assembly and ordinances relating to buildings in the city of Philadelphia, was also given to your deponent.

Your deponent endeavored to reach plaintiff for the purpose of consulting with him as to what course defendant would take in reference to the notice to vacate said premises, and the proceedings thereunder. Said deponent called at said plaintiff's office several times but did not find him in. He left word that he wanted to see the plaintiff but could not and did not see him. Your deponent believes that said plaintiff purposely avoided him.

That in consequence of said notice and said proceedings your deponent was compelled to vacate and abandon the premises leased by him on or about March 30, 1909. Your deponent avers that the rent of said premises was fully paid up to and beyond the date that he was forced to remove. That your deponent sent the keys of said premises to said plaintiff and that your deponent has caused the records of magistrate McCleary's office to be examined and also the records of the department of law of the city of Philadelphia, and finds from said records that upon a hearing had at said magistrate's office on or about April 8, 1909, the plaintiff pleaded that the law had been complied with, whereupon said plaintiff paid the costs of proceedings and the proceedings were dismissed.

Your deponent avers that said action of the bureau of building inspection of the city of Philadelphia, his removal in consequence thereof and the ratification thereof by said plaintiff, as evidenced by said plaintiff's pleading before the magistrate, amounted to an eviction of said defendant by said plaintiff.

That in consequence of said eviction, your deponent was compelled to abandon his business as teacher of dancing and to dismiss the dancing classes which had been

formed by him, which classes met in said premises; all of which was a great pecuniary loss to your deponent.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph T. Taylor,* with him *Samuel A. Boyle,* for appellant.—The question whether or not there has been an eviction is a question for the jury: Bennet v. Bittle, 4 Rawle 339; Walters v. Transue, 6 North. County Repr. 406; Ewing v. Cottman, 9 Pa. Superior Ct. 444; Gallagher v. Burke, 13 Pa. Superior Ct. 244; McSorley v. Allen, 36 Pa. Superior Ct. 271; Oakford v. Nixon, 177 Pa. 76; Dyer v. Wightman, 66 Pa. 425.

*Joseph E. Sagebeer,* with him *Frank B. Ellis,* for appellee.—The defendant was not evicted by the bureau of building inspection: Schuylkill & Dauphin Imp. & R. R. Co. v. Schmoele, 57 Pa. 271; Hitchcock v. Bacon, 118 Pa. 272; Dunn v. Mellon, 147 Pa. 11; Memmert v. McKean, 112 Pa. 315; Moore v. Weber, 71 Pa. 429.

OPINION BY HEAD, J., March 3, 1911:

The defendant was the tenant of the plaintiff under a written lease which required the rent reserved to be paid on the first day of each month in advance. The present action was for the recovery of the installments falling due on the first days of April, May and June, 1909, respectively. The defendant, not denying that the rent claimed was due and payable under the terms of the lease, filed an affidavit of defense in which he set up that the Bureau of Building Inspection of the city of Philadelphia had served a notice on the plaintiff that there was a violation of the acts of assembly and ordinances of the city in the use that was being made of the premises which had been leased to the defendant, to wit, the second story of the building which was being used as a dance hall. In con-

nection therewith he further averred that the said bureau required the plaintiff to remove said violation forthwith or that legal proceedings would be commenced against him. With this notice and the threatened proceedings the defendant had nothing whatever to do. It was his business to rely upon his covenant for quiet enjoyment of the demised premises according to the terms of his lease and to permit the plaintiff to work out for himself any complaint against him made by the city authorities.

It is further averred that the plaintiff paid no attention to such notice and that at some time after March 18, 1909, legal proceedings were begun on behalf of the city. There is no averment whatever as to the nature or character of the proceedings thus instituted, nor does the affidavit state that they ever resulted in any judgment of any kind against the plaintiff which could or would interfere with the quiet enjoyment of the defendant. It is still further alleged that a notice of these proceedings was given to the defendant by one of the building inspectors of the city, who warned him to vacate and abandon the leased premises or some portion of them. It does not appear by any averment that the said inspector named had any authority whatever to require the defendant to vacate the leased premises. It does not appear that the defendant ever transmitted the notice that had been thus served on him to his lessor or advised the latter in any way that he intended to abandon the premises. The affidavit in this respect merely alleges that the deponent called at the plaintiff's office several times, but was unable to find him, and from this fact he draws the conclusion that the plaintiff purposely avoided him.

By reason of the matters already adverted to the defendant says that he abandoned the leased premises about March 30, 1909, and as a consequence that he was absolved from the obligation of his contract to pay rent after that date. We agree with the learned court below that the affidavit failed to disclose any legal defense to the plaintiff's claim. Nothing appears in it to negative

the idea that the defendant's abandonment of the leased premises was a wholly voluntary act. It is impossible to see in the several facts recited any trace of a compelling force which would give to the act of abandonment the legal aspect of an eviction.

Judgment affirmed.